UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Donna Thomas,                                              Case No. 3:22-cv-575

            Plaintiff,

v.                                                      MEMORANDUM OPINION
                                                          AND ORDER

Auto Owners Mutual Insurance Co.,

            Defendant.

## I.     BACKGROUND

In April 2021, Plaintiff Donna Thomas' house caught fire. (Doc. No. 1-1 at 3). Thomas filed a claim with Defendant Auto Owners Mutual Insurance Company, who had sold Thomas a residential insurance policy in December 2020. (*Id.*). Auto Owners did not pay the claim, leading Thomas to file suit in the Lucas County, Ohio Court of Common Pleas. Thomas asserts claims for breach of contract and bad faith, and she seeks compensatory and punitive damages. (*Id.* at 3-4). Auto Owners, a Michigan-based company, timely removed the case to this court on the basis of diversity jurisdiction. (Doc. No. 1).

Auto Owners has moved to bifurcate a potential trial in this case, leaving Thomas' claims for bad faith insurance denial and punitive damages for a separate trial if it is found liable on Thomas' breach of contract claim. (Doc. No. 8). Auto Owners also moves to stay discovery related to Thomas' bad faith claim until after dispositive motion practice is completed with respect to the breach of contract claim. Thomas filed a brief in opposition to the motion, (Doc. No. 9), and Auto

Owners filed a brief in reply. (Doc. No. 10). For the reasons stated below, I deny the motion without prejudice.

## II. ANALYSIS

### A. OHIO REVISED CODE § 2315.21(B)(1) AND FEDERAL CIVIL RULE 42(B)

Auto Owners first argues bifurcation is mandatory under § 2315.21, which states the trial of a tort action in which a plaintiff makes claims for compensatory and punitive damages "shall be bifurcated" upon the motion of any party. Ohio Rev. Code § 2315.21(B)(1). Thomas counters that Rule 42(b) of the Federal Rules of Civil Procedure governs this issue, not Ohio law. (Doc. No. 9 at 8).

Federal courts exercising diversity jurisdiction apply federal procedural law and state substantive law, *Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938), and Rule 42 governs motions for separate trials in federal court. Fed. R. Civ. P. 42(b) ("For convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues [or] claims . . . .").

It is true the Supreme Court of Ohio has held § 2315.21(B)(1) "creates a substantive right to bifurcation in tort actions when claims for compensatory and punitive damages have been asserted." *Havel v. Villa St. Joseph*, 963 N.E.2d 1270, 1279 (Ohio 2012). But a "state's characterization of its own rule as 'substantive' must 'yield to the strong presumptive validity of the properly promulgated federal procedural rule, which will be upheld as controlling the procedure in the federal court.'" *4 W., LLC v. Auto-Owners (Mut.) Ins. Co.*, No. 3:20-CV-01, 2021 WL 81748, at *2 (S.D. Ohio Jan. 11, 2021) (quoting *Patel Family Trust v. AMCO Ins. Co.*, No. 2:11-cv-1003, 2012 WL 2883726, at *1 (S.D. Ohio July 13, 2012), and *Rosales v. Honda Motor Co., Ltd.*, 726 F.2d 259, 262 (5th Cir. 1984))). While the *Havel* court characterized § 2315.21 as substantive, there is no dispute that that statute does no more than mandate a state trial court follow a specific <u>procedure</u> in conducting a jury trial involving

a tort claim seeking both compensatory and punitive damages. Ohio Rev. Code § 2315.21(B)(1)(a)-(b). In federal court, Rule 42 governs the decision to try one or more claims separately.

If a state law directly conflicts with a Federal Rule of Civil Procedure, "the Federal Rule controls if its scope is 'sufficiently broad to control the issue before the Court.'" *Bonasera v. New River Elec. Corp.*, 518 F. Supp. 3d 1136, 1151 (S.D. Ohio 2021) (quoting *Walker v. Amco Steel Corp.*, 446 U.S. 740, 749 (1980)) (further citation omitted). "So long as the Federal Rule does not run afoul of the Rules Enabling Act – that is, so long as it really 'regulates procedure' and does not 'abridge, enlarge or modify any substantive right' – the federal court applies the Federal Rule instead the conflicting state law, even if the state law is substantive. *Bonasera*, 518 F. Supp. 3d at 1151 (quoting *Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.*, 559 U.S. 393, 407-09 (2010) and 28 U.S.C. § 2072(b)).

As Thomas notes, (Doc. No. 9 at 8), bifurcation under § 2315.21(B)(1) addresses only the punitive damages portion of her bad faith claim and would not mandate the separation of all bad-faith-related evidence, even in a state court. Nonetheless, as the *Bonasera* court concluded, § 2315.21(B) and Rule 42(b) directly conflict because they both seek to govern the process by which claims may proceed to trial. Because "Rule 42 is a valid procedural rule[,] . . . [it] therefore controls a bifurcation analysis in federal court despite the conflicting Ohio law." *Bonasera*, 518 F. Supp. 3d at 1151 (citing cases). Therefore, I will consider Auto Owners' motion pursuant to Rule 42(b), and not § 2315.21(B).

### B.    BIFURCATION AND STAY

As I stated above, Rule 42 permits bifurcation of claims "[f]or convenience, to avoid prejudice, or to expedite and economize." Fed. R. Civ. P. 42(b). Auto Owners has not shown bifurcation would achieve any of these aims in this case.

Auto Owners first argues "[a]ny alleged evidence of bad faith introduced at trial would be unfairly prejudicial to Auto Owners and confusing or misleading to a jury in its consideration of Plaintiff's breach claims." (Doc. No. 8 at 4). But Auto Owners merely concludes this is so, and it offers no evidence or specific examples. "[A] mere assertion of prejudice is insufficient to warrant bifurcation, and the simple fact that the claims would be tried jointly does not give sufficient reason to believe that jury confusion would result." *4 W., LLC*, 2021 WL 81748, at *2 (citation and internal quotation marks omitted).

Auto Owners next contends bifurcation would support judicial economy, because Thomas' bad faith claim would become moot if Auto Owners obtains judgment in its favor on her breach of contract claim. (Doc. No. 8 at 4; Doc. No. 10 at 6-7). This argument is based upon Auto Owners' belief in "the probability that discovery will not support Plaintiff's breach of contract claim." (*Id.* at 7). Auto Owners again provides no specifics, and its level of confidence in its litigation strategy is not a sufficient basis upon which I can conclude that bifurcation would "expedite and economize" these proceedings. Fed. R. Civ. P. 42(b).

Finally, Auto Owners expresses concern about the potential for disputes over the discoverability of otherwise privileged documents. (Doc. No. 8 at 4-8). Thomas "represents that she will not seek discovery at this early juncture of any privileged attorney-client communications or attorney work product materials." (Doc. No. 9 at 13). While Auto Owners apparently is unwilling to take Thomas at her word, (*see* Doc. No. 10 at 7), Auto Owners has not shown there is more than a speculative possibility that the parties may find themselves in disagreement about certain matters in the short term. Moreover, the Northern District of Ohio has a well-established procedure for addressing any discovery disputes which may arise, *see* Local Rule 37.1, and I see no reason to preemptively deviate from that procedure at this stage of the case.

4

Based upon the record before me, I am not "persuaded that bifurcation will enhance judicial economy, avoid prejudice, expedite the proceedings, or result in convenience to the parties." *Piskura v. Taser Int'l, Inc.*, No. 1:10-CV-248-HJW, 2013 WL 3270358, at *3 (S.D. Ohio June 26, 2013). Therefore, I deny Auto Owners' motion without prejudice.

### III. CONCLUSION

For the reasons stated above, I deny, without prejudice, Auto Owners' motion to bifurcate and stay discovery. (Doc. No. 8).

So Ordered.

s/ Jeffrey J. Helmick  
United States District Judge